[Cite as *Ayers v. Warren Corr. Inst.*, 2011-Ohio-5959.]



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES AYERS,

      Plaintiff,

      v.

WARREN CORRECTIONAL
  INSTITUTION, et al.,

      Defendants.

Case No. 2011-01020

Judge Joseph T. Clark
Magistrate Matthew C. Rambo

DECISION

{¶1} On July 21, 2011, defendant[1] filed a motion for summary judgment pursuant to Civ.R. 56(B). On August 8, 2011, plaintiff filed a response. The motion is now before the court on a non-oral hearing pursuant to L.C.C.R. 4(D).

{¶2} Civ.R. 56(C) states, in part, as follows:

{¶3} "Summary judgment shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, written admissions, affidavits, transcripts of evidence, and written stipulations of fact, if any, timely filed in the action, show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. No evidence or stipulation may be considered except as stated in this rule. A summary judgment shall not be rendered unless it appears from the evidence or stipulation, and only from the evidence or stipulation, that reasonable minds can come to but one conclusion and that conclusion is adverse to the party against whom the motion for summary judgment is made, that party being entitled to have the evidence or stipulation construed most strongly in the party's favor." See also *Gilbert v. Summit County*, 104 Ohio St.3d 660, 2004-Ohio-7108, citing *Temple v. Wean United, Inc.* (1977), 50 Ohio St.2d 317.

---

[1]For purposes of this decision, "defendant" refers to both Warren Correctional Institution and Department of Rehabilitation and Correction. Accordingly, defendant's September 20, 2011 motion is DENIED as moot.

{¶4} At all times relevant, plaintiff was an inmate in the custody and control of defendant pursuant to R.C. 5120.16.   Plaintiff alleges that in December 2010, Corrections Major D. Luneke authored a conduct report charging him with rules violations for stealing and then hiding a set of institutional keys.  Plaintiff was cleared of the charges on appeal.  Plaintiff asserts that the report authored by Luneke constitutes defamation, that Luneke's actions amount to "harassment," and that defendant was negligent in its supervision of Luneke.

{¶5} In support of the motion, defendant filed the affidavit of Luneke, who states:

{¶6} "1.   I am employed by the Ohio Department of Rehabilitation and Correction (DRC) as a Corrections Major at Warren Correctional Institution (WCI).  I was a Corrections Major during all the times mentioned herein.  I have personal knowledge of the matters herein referred to, and make this affidavit in support of defendant's motion for summary judgment.

{¶7} "2.   On December 2, 2010, I learned that a staff member lost a set of DRC keys in the building.

{¶8} "3.   On December 3, 2010, I received information in a Kite submitted anonymously by another inmate that [plaintiff] had taken the keys and hid them behind the shower panel in the shower next to [his] cell.  A true and accurate copy of the Kite is attached as Exhibit A.  It is regular practice for inmates to write Kites * * *.

{¶9} "4.   With the assistance of maintenance personnel, we removed the shower panel and found the keys hanging from a string behind the panel.

{¶10} "* * *

{¶11} "6. Because the author of the Kite correctly reported the location of the keys, I believed the confidential informant also correctly identified the person who took the keys.

{¶12} "7. On December 10, 2010, I wrote a Conduct Report concerning [plaintiff's] actions on December 2-3, 2010. A true and accurate copy of the Conduct Report is attached as Exhibit B * * *.

{¶13} "8. I wrote the conduct report in good faith.

{¶14} "9. I honestly believed, at the time I wrote the Conduct Report, [plaintiff] had taken the keys and hid them in the shower. I did not believe my statements in the Conduct Report were false nor did I have any serious doubts as to their truth.

{¶15} "10. My purpose of writing the Conduct Report was to report a possible violation of prison rules."

{¶16} "Defamation is defined as 'the unprivileged publication of a false and defamatory matter about another * * * which tends to cause injury to a person's reputation or exposes him to public hatred, contempt, ridicule, shame or disgrace * * *.' *McCartney v. Oblates of St. Francis deSales* (1992), 80 Ohio App.3d 345, 353. As suggested by the definition, a publication of statements, even where they may be false and defamatory, does not rise to the level of actionable defamation unless the publication is also unprivileged. Thus, the threshold issue in such cases is whether the statements at issue were privileged or unprivileged publications." *Sullivan v. Ohio Dept. of Rehab. & Corr.*, Ct. of Cl. No. 2003-02161, 2005-Ohio-2122, ¶8.

{¶17} Privileged statements are those that are "made in good faith on any subject matter in which the person communicating has an interest, or in reference to which he has a right or duty, if made to a person having a corresponding interest or duty on a privileged occasion and in a manner and under circumstances fairly warranted by the occasion and duty, right or interest. The essential elements thereof are good faith, an interest to be upheld, a statement limited in its scope to this purpose, a proper occasion, and publication in a proper manner and to proper parties only." *Hahn v. Kotten* (1975), 43 Ohio St.2d 237, 244, quoting 50 American Jurisprudence 2d 698, Libel and Slander, Section 195.

{¶18} Furthermore, a qualified privilege can be defeated only by clear and convincing evidence of actual malice. *Bartlett v. Daniel Drake Mem. Hosp.* (1991), 75 Ohio App.3d 334, 340. "Actual malice" is "acting with knowledge that the statements are false or acting with reckless disregard as to their truth or falsity." *Jacobs v. Frank* (1991), 60 Ohio St.3d. 111, 116.

{¶19} Based upon the undisputed affidavit testimony provided by defendant, the only reasonable conclusion to be drawn from the evidence is that Luneke acted without malice and that the statements he made in the conduct report he authored were made in good faith. Thus, defendant is protected from liability for defamation by a qualified privilege.

{¶20} With respect to plaintiff's negligent supervision claim, in order for plaintiff to prevail on such a claim he must prove: 1) the existence of an employment relationship; 2) the employee's incompetence; 3) the employer's actual or constructive knowledge of such incompetence; 4) the employee's act or omission causing plaintiff's injuries and 5) the employer's negligence in hiring or retaining the employee as the proximate cause of plaintiff's injuries. *Evans v. Ohio State Univ.* (1996), 112 Ohio App.3d 724, 739.

{¶21} Based upon Luneke's affidavit, and the fact that plaintiff has not provided the court with any evidence to the contrary, the only reasonable conclusion to be drawn from the evidence is that Luneke was not "incompetent," and, that defendant is entitled to judgment as a matter of law as to plaintiff's negligent supervision claim.

{¶22} The court construes plaintiff's claim for "harassment" as a claim for intentional infliction of emotional distress. In order to sustain such a claim, plaintiff must show that: "(1) defendant intended to cause emotional distress, or knew or should have known that actions taken would result in serious emotional distress; (2) defendant's conduct was extreme and outrageous; (3) defendant's actions proximately caused plaintiff's psychic injury; and (4) the mental anguish plaintiff suffered was serious."

*Hanly v. Riverside Methodist Hosp.* (1991), 78 Ohio App.3d 73, 82, citing *Pyle v. Pyle* (1983), 11 Ohio App.3d 31, 34.

{¶23} To constitute conduct sufficient to give rise to a claim of intentional infliction of emotional distress, the conduct must be "so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized community." *Yeager v. Local Union 20, Teamsters* (1983), 6 Ohio St.3d 369, 375, quoting 1 Restatement of the Law 2d, Torts (1965) 73, Section 46, Comment d.

{¶24} "It has not been enough that the defendant has acted with an intent which is tortious or even criminal, or that he has intended to inflict emotional distress, or even that his conduct has been characterized by 'malice,' or a degree of aggravation which would entitle the plaintiff to punitive damages for another tort.  * * *  Generally, the case is one in which the recitation of the facts to an average member of the community would arouse his resentment against the actor, and lead him to exclaim, 'Outrageous!'  The liability clearly does not extend to mere insults, indignities, threats, annoyances, petty oppressions, or other trivialities." Id. at 374-375.

{¶25} Based upon the evidence, no reasonable trier of fact could find the alleged conduct either extreme or outrageous.  Accordingly, defendant is entitled to judgment as a matter of law as to plaintiff's claim for intentional infliction of emotional distress.

{¶26} Based upon the foregoing, the court finds that no questions of fact exist for trial and that defendant is entitled to judgment as a matter of law.  Accordingly, defendant's motion for summary judgment shall be granted and judgment shall be rendered in favor of defendant.



# Court of Claims of Ohio

The Ohio Judicial Center
65 South Front Street, Third Floor
Columbus, OH 43215
614.387.9800 or 1.800.824.8263
www.cco.state.oh.us

JAMES AYERS,                        Case No. 2011-01020

     Plaintiff,

     v.                            Judge Joseph T. Clark
                                   Magistrate Matthew C. Rambo
WARREN CORRECTIONAL
 INSTITUTION, et al.,

     Defendants.                    <u>JUDGMENT ENTRY</u>

{¶27} A non-oral hearing was conducted in this case upon defendant's motion for summary judgment. For the reasons set forth in the decision filed concurrently herewith, defendant's motion for summary judgment is GRANTED and judgment is rendered in favor of defendant. Court costs are assessed against plaintiff. The clerk shall serve upon all parties notice of this judgment and its date of entry upon the journal.

_____
JOSEPH T. CLARK
Judge

cc:

Jeanna R. Volp
Jennifer A. Adair
Assistant Attorneys General
150 East Gay Street, 18th Floor
Columbus, Ohio 43215-3130

James Ayers, #625-838
Ross Correctional Institution
P.O. Box 7010
Chillicothe, Ohio 45601

Filed September 27, 2011
To S.C. reporter November 18, 2011